J-A24019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE MCALEER, | |
| Appellant | No. 2261 EDA 2013 |

Appeal from the Judgment of Sentence Entered on November 7, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006283-2007

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 01, 2014**

Appellant, Terrence McAleer, appeals from the judgment of sentence of 7-14 years' incarceration and 15 years' consecutive probation, imposed following his conviction for involuntary deviate sexual intercourse (IDSI), unlawful contact with a minor (UCM), aggravated indecent assault (AIA), corruption of a minor (COM), and endangering the welfare of a child (EWOC).[1] Appellant challenges the discretionary aspects of his sentence and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123, 18 Pa.C.S. § 6318, 18 Pa.C.S. § 3125, and 18 Pa.C.S. § 6301, respectively.

claims that the evidence was insufficient to support his convictions.  After careful review, we affirm.[2]

Appellant's conviction stems from his sexual molestation of a fifteen-year-old girl, R.B., on or about November 11 and 12, 2006.  R.B., a friend of Appellant's daughter, slept over at Appellant's house that evening.  N.T., 8/5/08, at 90.  At approximately 8:30 p.m., Appellant told R.B. to select a movie to watch.  *Id.* at 92.  Appellant's daughter decided not to watch the movie.  Instead, she spent the remainder of the evening upstairs in

_____

[2] Appellant's attorney, John P. Cotter, Esq., initially requested oral argument in this case.  However, immediately prior to the date set for oral argument, Attorney Cotter submitted this case for our consideration without oral argument.  Such action does not typically concern us; indeed, when the controversy that gives rise to appellate review is adequately addressed in the parties' briefs, and our review is unlikely to benefit from oral argument, submission without oral argument is permitted, if not encouraged.

However, Attorney Cotter requested oral argument in two other cases set to be heard by this panel on the same day.  And, as he did in the instant case, Attorney Cotter submitted those cases for our consideration without oral argument immediately prior to the date set for oral argument.  Indeed, it appears to be Attorney Cotter's usual practice to request, but never to attend oral argument.

Rule 3.2 of Pennsylvania's Rules of Professional Conduct states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."  Requesting oral argument, without any intention to actually attend oral argument, does not comport with the text or the spirit of Rule 3.2, as oral argument panels do not occur with the same frequency as panels composed of cases where oral argument is not requested.  Additionally, insincere requests for oral argument may serve to delay appellate review of other cases where there is a genuine desire by those appellants to assist this Court's disposition through oral advocacy.

Appellant's room, listening to music on the computer while Appellant and R.B. sat together on the couch watching the movie. *Id.* During the movie, Appellant began touching R.B.'s vagina both above and under her underwear. *Id.* at 96-97. He inserted his finger into her vagina. *Id.* at 97-98. He also lifted up R.B.'s shirt and "sucked on" her breasts. *Id.* at 99.

At some point, Appellant's daughter came downstairs. When this occurred, Appellant stopped touching R.B. *Id.* at 101. The three ate dinner, and then Appellant's daughter went back upstairs. *Id.* at 102. Subsequently, R.B. went to the bathroom and, pursuant to Appellant's request, removed her underwear. *Id.* at 103. When R.B. returned to the couch, Appellant removed her pants, asked her to spread her legs, and performed oral sex on her, at which time his tongue entered her vagina. *Id.* at 104. Afterwards, R.B. went upstairs to bed. *Id.* at 105.

During these events, R.B. indicated that she "liked it at first," however, she eventually became uncomfortable and stated that it felt "weird." *Id.* at 111. "Once or twice" she told Appellant "no." *Id.* Specifically, she recalled telling Appellant "no" when he penetrated her anus with his finger. *Id.* The next morning, Appellant entered the room in which R.B. was sleeping and asked if she wanted his company, and she replied, "no." *Id.* at 115. Later, Appellant asked R.B. to follow him into his room. *Id.* There, Appellant showed R.B. a pornographic video depicting naked adults performing oral sex on each other. *Id.* at 116. At school the following day, R.B. told her friends what happened with Appellant. *Id.* at 120. She also told a counselor

at her church youth group what had happened. *Id.* at 126-27. R.B. was advised to tell her parents, and later that evening, she did so. *Id.* at 128-29.

R.B.'s parents ultimately contacted police on the morning of November 16, 2006.[3] Police officer John Holt took statements from R.B. and her father. N.T., 8/6/08, at 77-78. R.B. also recounted her story to Detective Ken Mbaya. *Id.* at 101. Detective Mbaya then interviewed Appellant. Appellant repeated the account he gave to R.B.'s father, telling the detective that R.B. had put her hand on his leg and that he told her it was inappropriate. *Id.* at 109. He denied having shown R.B. pornography; however, he admitted that it was on his computer, but indicated that it was blocked by a password. *Id.* Appellant also indicated that he believed R.B. had manufactured the allegations because he had rejected her advances. *Id.* at 110. Detective Mbaya later obtained a search warrant and discovered that adult pornography films had been downloaded to Appellant's computer. *Id.* at 117.

The foregoing was presented as evidence at Appellant's jury trial through the testimony of R.B., her father, Officer Holt, and Detective Mbaya.

---

[3] Prior to contacting the police, R.B.'s father called Appellant to confront him about the matter. At that time, Appellant told R.B.'s father that R.B. had put her hand in his lap, but that Appellant told her that it was inappropriate and instructed her to move to the other side of the couch. Appellant admitted answering R.B.'s questions about sex and that he had shown her a sex education book. *Id.* at 42-43.

Additionally, four character witnesses testified on Appellant's behalf, describing Appellant's reputation in the community for being peaceful, law-abiding, and non-violent. Appellant's daughter also testified, indicating that she had not witnessed any of the events described by R.B. *Id.* at 22-53. She did state that R.B. admitted to having a crush on Appellant. *Id.* at 48.

On August 7, 2008, the jury found Appellant guilty of IDSI, UCM, AIA, and COM. On November 7, 2008, following the completion of a pre-sentence report, a mental health evaluation, and a Megan's Law report, the trial court sentenced Appellant to 7-14 years' incarceration for IDSI, and consecutive terms of 5 years' probation each for UCM, AIA, and COM, for an aggregate, consecutive term of 15 years' probation.

Appellant filed a direct appeal in which he raised a challenge to the discretionary aspects of his sentence. We affirmed his judgment of sentence on July 13, 2010, when a panel of this Court concluded that it could not reach the merits of Appellant's discretionary aspects of sentencing claim because he had filed a defective Pa.R.A.P. 2119(f) statement. *See Commonwealth v. McAleer*, 6 A.3d 558 (Pa. Super. 2010) (unpublished memorandum). Appellant subsequently filed a timely PCRA[4] petition seeking, *inter alia*, reinstatement of his direct appellate rights *nunc pro tunc*. Reinstatement was granted by order dated July 18, 2013, with the

---

[4] Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.

Commonwealth's consent. Appellant subsequently filed a timely notice of appeal *nunc pro tunc* on August 5, 2013.

The trial court did not request a Pa.R.A.P. 1925(b) statement from Appellant, nor did it file a Rule 1925(a) opinion in the instant appeal. However, on October 28, 2013, the trial court issued a letter to our Prothonotary indicating that the trial judge, the Honorable John J. O'Grady, had retired. Consequently, the record was forwarded to this Court without an opinion. We note, however, that Judge O'Grady had filed a Rule 1925(a) opinion on October 14, 2009.

Appellant now presents the following questions for our review:

    I.

by physical or medical evidence and it is contradicted by the other evidence introduced by the Commonwealth the conviction of … [A]ppellant for these offenses is based on surmise and conjecture.  This Court should vacate the sentence and reverse the trial court's finding of guilt.

*Id.*

Our standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.  When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

We note that "[a] mere conflict … does not render the evidence insufficient[.]"  *Commonwealth v. Halye*, 719 A.2d 763, 764 (Pa. Super. 1998).  Instead, "it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence."  *Id.*  Accordingly, this Court has long-recognized "that the *uncorroborated* testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses."  *Commonwealth v. Davis*, 650 A.2d 452, 455 (Pa. Super. 1994) (emphasis added).  "[I]f the factfinder reasonably could have

- 7 -

determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." **Commonwealth v. Charlton**, 902 A.2d 554, 562 (Pa. Super. 2006) (citing **Commonwealth v. Hopkins**, 747 A.2d 910, 914 (Pa. Super. 2000)).

Here, the jury was free to believe R.B.'s uncorroborated testimony, and it was also free to disbelieve any testimony contradicting her account of the events. **Davis**. Appellant fails to cite any controlling or persuasive authority to the contrary. Accordingly, Appellant's sufficiency claim lacks merit.

Next, Appellant claims he is entitled to a new sentencing hearing because his sentence was "unjust, improper, manifestly unreasonable, irrational, and an abuse of discretion[.]" Appellant's Brief at 10. Appellant's claim presents a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912-13.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

Subjecting Appellant's discretionary aspects of sentencing claim to the four-part ***Evans*** test described above, we conclude that Appellant failed to invoke the jurisdiction of this Court to review his sentencing claim. Regarding the first element of the ***Evans*** test, we note that Appellant filed a timely notice of appeal. As for the second element of the ***Evans*** test, Appellant did file a post-sentence motion. However, in that motion, Appellant raised the following claim: "The defendant moves for reconsideration of the sentence imposed and respectfully submits said sentence i[s] excessive in light of the requirements of the sentencing code." Post-Sentence Motion, 11/17/08, at 3

not satisfy the requirement that Appellant's claim be preserved in a post-sentence motion, because it does not identify the specific part of the Sentencing Code contravened by the sentence imposed, nor does it describe the manner in which the Sentencing Code was disregarded or infringed.[5] However, we are reluctant to dismiss Appellant's claim on this basis, as it is unclear if Appellant preserved his arguments during his sentencing hearing, because the record before us does not contain a transcript of that proceeding.[6]

Appellant is also required to file a Rule 2119(f) statement to satisfy the third **Evans** element. Although he did file a Rule 2119(f) statement, that statement suffers one of the same defects that we found in the Rule 2119(f) statement that Appellant filed during his initial direct appeal. **See Commonwealth v. McAleer**, No. 1089 EDA 2009, unpublished memorandum at 4 (Pa. Super. filed July 13, 2010) (holding Appellant failed

---

[5] The Rules of Criminal Procedure provide that: "The defendant in a court case shall have the right to make a post-sentence motion. All requests for relief from the trial court **shall be stated with specificity and particularity**, and shall be consolidated in the post-sentence motion …." Pa.R.Crim.P. 720(B)(1)(a) (emphasis added).

[6] We are, perhaps, being excessively cautious in this regard, as "[i]t is well settled that the Appellant bears the burden of ensuring a completed record." **Commonwealth v. Dunkle**, 932 A.2d 992, 996 (Pa. Super. 2007). Additionally, Appellant has not cited, in either his Rule 2119(f) statement or the argument portion of his brief, where in the record he preserved his discretionary aspect of sentencing claim(s).

to "specify where his sentence falls in relation to the appropriate sentencing guidelines[.]").

"[A]n appellant who seeks to challenge the discretionary aspects of his or her sentence must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated." **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. Ct. 2006) (citing **Commonwealth v. Boyer**, 856 A.2d 149 (Pa. Super. 2004)). Although Appellant's Rule 2119(f) statement does specify particular provisions of the Sentencing Code that he claims were contravened, he fails to specify where his sentence fell within the Sentencing Guidelines. As such, we cannot determine whether Appellant raises a substantial question. Accordingly, we conclude that Appellant's defective Rule 2119(f) statement fails to invoke this court's jurisdiction to review his discretionary aspects of sentencing claim. **Evans**.

Nevertheless, should we overlook this particular defect in Appellant's Rule 2119(f) statement, we must address the fourth element of the **Evans** test: whether Appellant presents a substantial question for our review. One of the two arguments subsumed in his discretionary aspects of sentencing claim does not present a substantial question for our review. Appellant states that his "long period of probation is particularly onerous and unnecessary because [Appellant] is required to be a lifetime registrant with the State Police." Appellant's Brief at 3. This argument is a "bald assertion

- 11 -

that Appellant's sentence was excessive, devoid of supporting legal authority." ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013). Such a claim does not present a substantial question. ***Id.***

However, Appellant also asserts that the sentencing court did not consider his rehabilitative needs when crafting his sentence. This claim does present a substantial question for our review. ***See Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010) (holding that "Appellant's … claim … that the trial court failed to consider [his] rehabilitative needs … raises a substantial question.").

Should we reach the merits of this claim, however, Appellant would still not be entitled to relief.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

Appellant does not dispute that a pre-sentence investigation report was provided to the trial court for sentencing. In ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988), our Supreme Court found that "[w]here pre-sentence reports exist, we shall continue to presume that the

sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Here, Appellant fails to present any argument to counter the **Devers** presumption that the sentencing court considered Appellant's relevant rehabilitative needs. Accordingly, were we to reach the merits of Appellant's discretionary aspects of sentencing claim, he still would not be entitled to relief.

Judgment of sentence **affirmed**.

Judge Platt joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2014