J-S26028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL KING | : | |
| | : | |
| Appellant | : | No. 1706 EDA 2018 |

Appeal from the Judgment of Sentence February 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002886-2009

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED JULY 18, 2019**

Appellant, Michael King, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation.  We affirm.

In its opinion, the trial court correctly set forth the facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> DID THE HONORABLE COURT ERR IN FINDING [APPELLANT] IN VIOLATION OF HIS PROBATION AND REVOKING PROBATION?

(Appellant's Brief at 3).

Appellant argues he cannot point to a record that supports a violation of probation because the notes of testimony from the violation of probation ("VOP") hearing are unavailable.  Appellant complains the trial court opinion

_____

* Retired Senior Judge assigned to the Superior Court.

did not summarize, or attempt to repeat, the testimony at the VOP hearing, and current counsel was not Appellant's counsel at the VOP hearing. Appellant concludes that, without a record of the hearing, we should reverse the finding of violation. We disagree.

We observe the appellant bears the burden to ensure a complete record for appellate review. *Commonwealth v. Dunkle*, 932 A.2d 992, 996 n.2 (Pa.Super. 2007). If the record of a proceeding is missing or incomplete, an appellant may supplement the certified record by submitting a statement of evidence or proceedings from the "best available means"; the best available means include the appellant's own recollections. *See* Pa.R.A.P. 1923.

> Failure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed. Where portions of a proceeding are unrecorded, appellant's burden to supply a record may be satisfied through the statement in absence of transcript procedures. *See* Pa.R.A.P. 1923.

*Commonwealth v. Steward*, 775 A.2d 819, 835 (Pa.Super. 2001), *appeal denied*, 568 Pa. 617, 792 A.2d 1253 (2001) (internal quotation marks and some citations omitted). An appellant's failure to avail himself of any of the alternative means to ensure this Court receives a complete record of the proceedings will result in waiver of the appellant's claims. *Dunkle, supra*.

Instantly, the argument section of Appellant's brief consists of two short paragraphs and states simply that there is no evidence of record of a probation violation because the notes of testimony from the most recent VOP hearing are unavailable. Appellant cites no supporting law whatsoever in his argument

section. Importantly, Appellant's failure to employ an alternative procedure to supply a statement of the proceedings in place of the missing transcript contributes to the waiver of his complaint on appeal. **See** Pa.R.A.P. 1923; **Dunkle, supra**; **Steward, supra**.

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Frank Palumbo, we conclude Appellant's issue would merit no relief in any event. The trial court opinion discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed October 29, 2018, at 2-4) (finding: Appellant was on probation when he committed, was arrested, and pled guilty to three counts of robbery; revocation court properly found Appellant's new convictions were in direct violation of his probation). The record supports the court's analysis, and we would have no reason to disturb it on the grounds asserted. Revocation of Appellant's probation was based on his robbery convictions, which we can confirm in the record without the VOP hearing transcript. (**See** Appellant's Motion to Lift Detainer, filed 2/12/14) (admitting in Appellant's own words his guilty plea to robbery on 5/30/13). Accordingly, we affirm. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/19

FILED

2018 OCT 29 PM 1:50

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0002886-2009

v.

MICHAEL KING

1706 EDA 2018



CP-51-CR-0002886-2009 Comm. v. King, Michael
Opinion

8182478001

## OPINION

**PALUMBO, J.**

Michael King (hereinafter Appellant) appeals this court's judgment of sentence following the revocation of his probation. The court now submits the following Opinion in support of its ruling and in accordance with the requirements of Pa. R.A.P. 1925.

### FACTUAL AND PROCEDURAL HISTORY

Appellant was on probation after conviction of Violations of the Uniform Firearms Act following a bench trial on May 12, 2009 before the Honorable Ellen Ceisler. Judge Ceisler sentenced Appellant to four years of probation.

On June 25, 2010, Judge Ceisler revoked Appellant's probation. On August 11, 2010, Judge Ceisler resentenced Appellant to four years of probation. On December 1, 2010, Judge Ceisler again evoked appellant's probation, and resentenced to six to twelve months of incarceration, followed by four years of probation, with parole to a drug treatment program.

On November 4, 2012, Appellant was arrested for three counts of robbery and related charges. On May 30, 2013, Appellant pled guilty before the Honorable Rayford Means and

received a sentence of two and one half to five years of incarceration, followed by five years of probation.[1]

Subsequently, jurisdiction over this docket was transferred to this court when Judge Ceisler was reassigned to the Civil Trial Division. Following a violation hearing held on February 20, 2014, this court determined that Appellant had directly violated his probation and sentenced him to one to two years of incarceration, consecutive to Judge Means' sentence.[2]

On November 7, 2014, Appellant filed for relief under the Post Conviction Relief Act. On May 16, 2018, Appellant's right to direct appeal was reinstated *nunc pro tunc* by agreement with the Commonwealth. Appellant subsequently filed an appeal on June 13, 2018 challenging this court's judgment of sentence. On June 18, 2018, this court ordered Appellant to file a Rule 1925(b) Statement of Errors Complained of on Appeal (hereinafter Statement). Appellant filed his Statement on August 3, 2018, and avers the following:

1. That the Honorable Court erred in finding Defendant in violation of his probation/parole and revoking probation.
2. That the Honorable Court abused its discretion at time of sentencing when it imposed a sentence of one (1) to two (2) years incarceration upon Defendant King, with that sentence to run consecutively to the sentence that defendant was serving on CP-51-CR-0001114-2013 (case before Judge Ceisler).[3]

For the reasons set forth herein, this court's decision should be affirmed.

## DISCUSSION

### A. VIOLATION OF PROBATION

Pennsylvania's Sentencing Code explains, in relevant part, that, as a general rule:

---

[1] Docketed at CP-51-CR-0014847-2012, CP-51-CR-0014857-2012, and CP-51-CR-0001114-2013.

[2] Unfortunately, there are no extant notes of testimony from this hearing, as the court stenographer's records were destroyed in a home flood.

[3] As stated above, the VOP sentence was consecutive to those imposed by Judge Means.

2

In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined...

42 Pa.C.S. § 9754(a).

The Code also mandates that a court imposing probation, "attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." Id. § 9754(b). Subsection (c) gives the court discretion to impose, as a condition of probation, any of the enumerated requirements therein, as well as "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *Id.* § 9754(c)(13). Additionally, the Superior Court has recognized on numerous occasions that, "an implied condition of any sentence of probation is that the defendant will not commit a further offense." *Commonwealth v. Mallon*, 406 A.2d 569, 571 (Pa. Super 1979); see also *Commonwealth v. Martin*, 396 A.2d 671, 674 n. 7 (Pa. Super 1978); *Commonwealth v. Duff*, 192 A.2d 258, 262 (Pa. Super 1963), *rev'd on other grounds*, 414 Pa. 471, 200 A.2d 773 (1964).

The Code also speaks directly to the power of a sentencing court to modify or revoke probation, setting forth that a "court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a). The Code explains in more detail a sentencing court's power of revocation as follows:

The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

Id. § 9771(b).

3

Furthermore, the Code limits a revoking court's authority to resentence a probationer by stating that the court may not impose a sentence of total confinement unless one of three factors is present: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." Id. § 9771(c).

Here, Appellant was on probation pursuant to his sentence when he was arrested and convicted of robbery before Judge Means. Therefore, the court properly found that Appellant had directly violated the terms of his probation.

B. SENTENCING

When appellate courts consider an appeal from a sentence imposed following the revocation of probation, the standard of review is well settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). *See also Commonwealth v. Gheen*, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.*, 688 A.2d at 1207–1208. *Accord Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa.Super.1999).

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).

Appellate courts also consider a sentence imposed following revocation of probation in light of the limitations set forth in 42 Pa.C.S. § 9771(c). Because subsections 9781(c) and (d) include a focus on sentencing guidelines, however, and because sentencing guidelines do not apply to sentences imposed following a revocation of probation, in this case an appellate court should

4

look solely to the provisions of 42 Pa.C.S. § 9721(b). *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super 2001). Section 9721(b) provides in pertinent part:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

Here, Appellant was serving probation following his conviction for charges relating to carrying a firearm. Upon his third revocation hearing, this court sentenced Appellant to a period of incarceration of one to two years of incarceration, well below the statutory maximum of either individual charge, and the aggregate maximum of six to twelve years that could have been imposed by Judge Ceisler at Appellant's original sentencing hearing. This court's sentence represented a gradual increase in penalty following Appellant's fourth violation of probation for a serious felony. Therefore, this court's sentence was not manifestly excessive. *See Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).

Furthermore, this court's sentence was not manifestly unreasonable in light of Appellant's continuing and egregious disregard of the conditions of his probation. The conditions of probation must be adhered to, not only to vindicate the authority of this court, but also to assist the probationer and protect society at large. This court sentenced Appellant after his third violation hearing on this docket, meaning that Appellant has failed three times to make good his opportunity to reform.

Additionally, Appellant's direct violations were convictions for robbery charged as a felony of the first degree, an all-too-common crime of violence, which gave this court significant concern as to Appellant's character and rehabilitation. Appellant's history of revocations on this

5

docket, and his escalation from unlicensed carrying of a weapon to robberies amply demonstrated that community supervision has thus far been ineffective in rehabilitating him and that Appellant presented a significant danger to the community. Therefore, a consecutive sentence of confinement was necessary and appropriate.

In sentencing Appellant to serve one to two years of incarceration, this court was balancing the interests of society, Appellant's individual circumstances and the possibility of rehabilitating Appellant outside of prison. This court found that due to Appellant's repeated failure to adhere to the conditions of his probation that probation was no longer viable or beneficial and that Appellant and the Commonwealth would both be better served if Appellant continued his rehabilitation while incarcerated.

BY THE COURT:

Dated: 10-26-18

_____
Frank Palumbo, J.

6

COMMONWEALTH v. MICHAEL KING

APPEAL OF: MICHAEL KING

NO.:  CP-51-CR-00028786-2009

    1706 EDA 2018

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Opinion upon the persons indicated below, by first class mail:

David Rudenstein, Esq., 9411 Evans Street, Philadelphia, PA 19115

Attorney for Appellant

Lawrence Goode, Esq., District Attorney's Office, 3 South Penn Square, Philadelphia, PA 19107

District Attorney

DATED: _10-26-18_

FRANK PALUMBO, JUDGE

7