J-S74004-19
J-S74005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :               PENNSYLVANIA
                                          :

              v.                             :
                                          :
                                          :

ALSHIEM THOMPSON                   :
                                          :
           Appellant            :     No. 1156 EDA 2019

Appeal from the PCRA Order Entered March 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): Cp-51-CR-0011042-2007

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :               PENNSYLVANIA
                                          :

              v.                             :
                                          :
                                          :

ALSHIEM THOMPSON                   :
                                          :
           Appellant            :     No. 1157 EDA 2019

Appeal from the PCRA Order Entered March 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007558-2007

BEFORE:    BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED FEBRUARY 06, 2020**

       Appellant, Alshiem Thompson, appeals from the post-conviction court's

March 22, 2019 order denying his petition filed under the Post Conviction

---

[*] Former Justice specially assigned to the Superior Court.

J-S74004-19
J-S74005-19

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in his two separate cases that were consolidated below.[1] We affirm.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

> On January 15, 2009, at docket number CP-51-CR-0007558-2007, following a non-jury trial before the Honorable Linda A. Carpenter of this [c]ourt, [Appellant] was convicted of one count of … possessing a controlled substance (35 P.S. § 780-113(a)(16)). On April 9, 2009, Judge Carpenter imposed a sentence of three to eighteen months['] incarceration, to be followed by eighteen months of reporting probation. However, on March 12, 2012, following a violation of parole or probation ("VOP") proceeding, Judge Carpenter revoked [Appellant's] probation and resentenced [him] to time served to twenty-three months['] incarceration.
>
> On April 28, 2009, at docket number CP-51-CR-0011042-2007, [Appellant] pled guilty, before the Honorable Rayford A. Means of this [c]ourt, to one count of possession with intent to deliver a controlled substance (35 P.S. § 780-113(a)(30)). On that date, Judge Means imposed the negotiated sentence of nine to twenty-three months['] incarceration, to be followed by a five-year period of reporting probation.
>
> On September 24, 2012, [Appellant] was arrested for multiple firearms violations after he was discovered to be concealing a loaded handgun in the vehicle. Because the alleged firearms violations would be a direct violation of [Appellant's] parole in the case at docket number CP-51-CR-0007558-2007 and of his probation in the case at docket number CP-51-CR-0011042-2007, VOP proceedings were initiated in each case. Both of these matters were transferred to the undersigned judge under the First

_____

[1] Appellant properly filed separate notices of appeal in each case. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (holding that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket"). We consolidate his appeals herein.

- 2 -

Judicial District's Focused Deterrence Program.[1]  The [c]ourt held a hearing pursuant to **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973) ("Daisey Kates hearing")[,] on September 3, 2013, and found [Appellant] in direct violation of his parole and probation in the above cases and therefore revoked both.  That same day, the [c]ourt sentenced [Appellant] to back[-]time for the parole violation case, while continuing sentencing for the probation violation case.  On November 14, 2013, the [c]ourt resentenced [Appellant] to 1½ to 5 years['] incarceration, to be followed by 3 years['] reporting probation, for the probation violation case. [Appellant] filed a motion for reconsideration of sentence, which the [c]ourt denied on April 10, 2014.  Rania Major, Esquire[,] represented [Appellant] at VOP proceedings, sentencing, and on post-sentence motions.  On May 15, 2014, Ms. Major was permitted to withdraw as counsel.  The [c]ourt subsequently appointed Jennifer Ann Santiago, Esquire[,] on May 16, 2014.

[1] Focused Deterrence was a First Judicial District program aimed at reducing gun violence arising from gang-related activity.

On appeal, Ms. Santiago filed a petition to withdraw with the Superior Court, along with a brief stating that the appeal was frivolous pursuant to **Anders v. California**, 386 U.S. 738 (1967)[,] and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  On April 14, 2015, the Superior Court affirmed the judgment of sentence and granted counsel's petition to withdraw, agreeing that the appeal was wholly frivolous.  [**Commonwealth v. Thompson**, 121 A.3d 1131 (Pa. Super. 2015) (unpublished memorandum).]

On May 11, 2015, [Appellant] filed a *pro se* petition under the [PCRA]….  On April 18, 2018, David S. Rudenstein, Esquire[,] was appointed to represent [Appellant].  … [Attorney] Rudenstein subsequently … filed an amended PCRA petition ("Amended Petition") on August 24, 2018, claiming that VOP counsel was ineffective for failing to object to [Appellant's] VOP cases being placed in the Focused Deterrence Program because the program violated [Appellant's] rights to equal protection and due process. Amended Petition at ¶ 15.  On February 8, 2019, the [c]ourt ruled that the claim set forth in [Appellant's] petition was without merit. That day, pursuant to Pa.R.Crim.P. 907, the [c]ourt issued notice of its intention to dismiss the petition without a hearing ("907 Notice").  On March 22, 2019, the [c]ourt formally dismissed [Appellant's] PCRA Petition.

PCRA Court Opinion (PCO), 6/26/19, at 1-3.

Appellant filed timely notices of appeal in each of his underlying cases, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a Rule 1925(a) opinion on June 26, 2019. Herein, Appellant states two issues for our review:

> I. Did the PCRA [c]ourt err when it denied relief and dismissed the PCRA [p]etition even though []Appellant received ineffective assistance of trial/hearing and appellate counsel, where trial counsel should have objected to the case being placed in the Focused Deterrence Program, as it violated law, and where appellate counsel filed an **Anders** Brief with the Superior Court of Pennsylvania?

> II. Did the PCRA [c]ourt err when it denied relief and dismissed the PCRA [p]etition even though the case should have been remanded to the courtrooms of the two Judges who originally had jurisdiction in Appellant's matters, as both were/are still sitting judges in the Court of Common Pleas?

Appellant's Brief at 3. Appellant's arguments in support of these issues are related and, therefore, we will address them together.

Preliminarily, we observe that,

> "[o]n appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, … 36 A.3d 121, 131 ([Pa.] 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, … 18 A.3d 244, 259 ([Pa.] 2011) (citation omitted). "However, this Court

- 4 -

applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

***Commonwealth v. Medina***, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (*en banc*).

Additionally, where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Presently, Appellant contends that his trial/VOP counsel acted ineffectively by not objecting to each of his cases "being listed before [a new judge] in the Focused Deterrence Program instead of going before each of the original judges[,] for each of the violations, separately." Appellant's Brief at 9. Appellant insists that the transfer of his cases violated the mandate of Pa.R.Crim.P. 700(A) that, "the judge who presided at the trial or who received

- 5 -

the plea of guilty or *nolo contendere* shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence." Appellant also claims that his appellate counsel was ineffective for filing an **Anders** brief on direct appeal from his VOP sentences, rather than raising a claim that Rule 700 was violated.

We begin by noting that, according to the PCRA court, the only claim presented in Appellant's petition was an assertion that his trial/VOP counsel was ineffective for not objecting to the transfer of Appellant's cases to the Focused Deterrence Program.[2]  Thus, Appellant waived his contention that his appellate counsel acted ineffectively.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[3]

---

[2] We cannot verify whether the PCRA court is correct in its characterization of Appellant's petition, as that document is not contained in the certified record that was electronically filed with this Court.  However, we note that Appellant raises no objection to the court's description of the claim presented in his petition.  Additionally, "[i]t is well[-]settled that the [a]ppellant bears the burden of ensuring a completed record."  **Commonwealth v. Dunkle**, 932 A.2d 992, 996 (Pa. Super. 2007) (citation and footnote omitted).  Consequently, we accept the court's statement that Appellant set forth in his petition only a claim of trial/VOP counsel's ineffectiveness.

[3] In any event, we would reject this ineffectiveness claim.  In arguing that his appellate counsel should have challenged the transfer of his cases to the Focused Deterrence Program as violating Rule 700, Appellant relies on **Commonwealth v. McNeal**, 120 A.3d 313 (Pa. Super. 2015) (holding that the transfer of McNeal's VOP hearing from the judge who presided over his trial and sentencing, to the judge overseeing his new charges, violated Rule 700, as the basis for the transfer was mere convenience, and not an 'extraordinary circumstance').  Appellant also improperly relies on our non-

- 6 -

In regard to Appellant's assertion that his trial/VOP counsel acted ineffectively by not objecting to the transfer of his cases to the Focused Deterrence Program, the record clearly belies this claim. As the PCRA court points out, VOP counsel did object - at length - to Appellant's cases being placed in the Focused Deterrence Program. *See* PCO at 5 (citing N.T., 9/3/13, at 6-17; N.T., 11/14/13, at 7-27). Counsel also "raised and extensively briefed the issue in [Appellant's] motion for reconsideration of sentence." *Id.* (citing Appellant's Post-Trial Motion for Reconsideration, 11/25/13, at 3-5, 10). We agree with the PCRA court that, "VOP counsel could not have been ineffective for failing to raise a claim that she did, in fact, extensively raise in the VOP court." *Id.* Moreover, Appellant makes no attempt to explain how/why counsel inadequately raised this issue. Instead, he simply states that counsel "should have raised an objection" and her "[n]ot objecting was

---

precedential decision in *Commonwealth v. Smith*, No. 88 EDA 2017, unpublished memorandum (Pa. Super. filed Oct. 31, 2017) (determining that, under *McNeal*, Smith's selection for the Focused Deterrence Program was not an 'extraordinary circumstance' permitting the transfer of his case under Rule 700). *See* 210 Pa.Code § 65.37 ("An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding," except in limited circumstances). Notably, however, both *McNeal* and *Smith* (which, again, is not binding precedent) were both filed *after* we affirmed Appellant's judgment of sentence. Our Supreme Court has held that "[c]ounsel cannot be deemed ineffective for failing to predict developments or changes in the law." *Commonwealth v. Gribble*, 863 A.2d 455, 464 (Pa. 2004) (citation omitted).

ineffective." Appellant's Brief at 9. Because counsel did object, Appellant's argument fails to overcome the presumption that counsel acted effectively.[4]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20

---

[4] In any event, we note that, according to the PCRA court, Appellant "has fully served his parole violation sentence at docket number CP-51-CR-0007558-2007…." PCO at 6 n.3. Thus, even if his ineffectiveness claims were meritorious, he would be ineligible for PCRA relief in that case. **See** 42 Pa.C.S. § 9543(a)(1)(i) (directing that, to be eligible for PCRA relief, the petitioner must be currently serving a sentence of imprisonment, probation, or parole for the crime). The PCRA court also noted that in the case docketed at CP-51-CR-0011042-2007, Appellant is currently serving probation and, "on August 23, 2018, the supervision of [his] probation was transferred back to Judge Means with the agreement of all parties." PCO at 6 n.3.