J-S06024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALLEN WAYNE WEYANT | : | |
| | : | |
| Appellant | : | No. 470 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 1, 2023
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000557-2022

BEFORE:    PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: April 29, 2025**

Allen Wayne Weyant ("Weyant") appeals from the judgment of sentence imposed following his convictions of, *inter alia*, four counts each of aggravated cruelty to animals, a felony of the third degree ("F3 aggravated cruelty to animals") and cruelty to animal, graded as a misdemeanor of the second degree ("M2 cruelty to animals").[1]  We affirm.

As we discuss **infra**, the certified record does not include the transcripts of the trial or sentencing hearing.  Thus, we cannot review the evidentiary record supporting Weyant's convictions or sentence.[2]  We glean the following procedural history from the record and trial docket.  In November 2022, the

___

[1] **See** 18 Pa.C.S.A. §§ 5534(a)(1), 5533.

[2] We further note that neither the trial court opinion nor the parties' briefs presented a factual summary.

Commonwealth charged Weyant with twenty-three counts relating to animal abuse. On December 29, 2022 — apparently one day **after** Weyant's preliminary hearing, Karen Hendershot, Esquire ("Trial Counsel"), an attorney with the Bedford County Office of the Public Defender ("P.D."), entered her appearance. On that same day, she also requested discovery from the Commonwealth.

Five days later, Weyant posted bail. On that same day, Trial Counsel filed a motion to withdraw her appearance "until such a time that it can be determined that [Weyant] qualifies for services." Motion to Withdraw/Vacate Appearance, 1/3/23, at unnumbered 1. The trial court granted this motion on January 6, 2023. Subsequently, the trial court issued several scheduling orders and notices, all of which confirmed Weyant was *pro se*.

On May 19, 2023, Trial Counsel entered her appearance a second time. On that same day, she again requested discovery from the Commonwealth.

However, two months later, Trial Counsel filed a second motion to withdraw her appearance, claiming she had thrice provided Weyant with an application "for the purpose of determining [his] eligibility for [P.D.] services as he was released from the Bedford County Correctional Facility." Motion to Withdraw/Vacate Appearance, 7/19/23, at unnumbered 1. Trial Counsel averred that Weyant "was told specifically on all three . . . occasions" — including once at the July 11, 2023 status conference — "what he needed to complete and the documentation . . . to provide." **Id**. However, Weyant

"failed to comply with instructions and provide the required financial documentation." *Id*. A court status conference report, dated July 11, 2023, stated that: (1) Weyant, who remained on bail, requested a continuance; and (2) the reason for the continuance was: "[Weyant] has been told that he must re-apply [*sic*]." Criminal Status Conference Report Form, 7/11/23. Trial Counsel's motion again requested leave to withdraw until the P.D. could determine whether Weyant qualified for services. The trial court granted this motion the following day, July 20, 2023.

On September 22, 2023, the trial court revoked Weyant's bail. This matter proceeded to a jury trial on approximately September 27, 2023, where Weyant was *pro se*. The jury found him guilty of four counts each of F3 aggravated cruelty to animals and M2 cruelty to animals. Additionally, the trial court found Weyant guilty of: (1) four counts of neglect of animals, a misdemeanor of the third degree; (2) four counts of violating vaccination against rabies required, which were summary offenses; and (3) one count of violating application dog license,[3] a summary offense.

Prior to sentencing, Weyant privately retained his current counsel, Phillip Robertson, Esquire.[4] Counsel filed a petition for writ of *habeas corpus*, arguing that: (1) when Trial Counsel represented Weyant, she failed to file a motion

---

[3] 18 Pa.C.S.A. § 5532(a)(1); 3 P.S. §§ 455.8(a)(2), 459-201(a).

[4] *See* Criminal Motion for Continuance, 10/26/23 (stating "Counsel for [Weyant] has just been retained").

to suppress the evidence discovered during a search of a property, where the search warrant had listed another address; and (2) Weyant "was suffering extreme health issues," including a high sugar level, at trial where he defended himself *pro se*, and this condition prevented a fair and impartial verdict. Writ of *Habeas Corpus*/Motion for New Trial, 11/29/23, at unnumbered 1-2. Weyant thus requested a new trial.[5]

On December 1, 2023, the trial court imposed the following sentences, all to run consecutively: (1) eighteen months to three years on each count of F3 aggravated cruelty to animals; and (2) six months to two years on each count of M2 cruelty to animals.[6] Weyant's aggregate sentence was thus eight to twenty years' imprisonment.

Weyant timely filed a counseled "Motion to Modify Sentence" and "Post-Sentence Motion" on the same day. It appears the trial court conducted a hearing; in any event, it denied both motions. Weyant filed a timely notice of appeal, at which time he also filed a request for the trial, sentencing, and post-sentence motion transcripts. Subsequently, Weyant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising seven issues.

---

[5] Neither the trial docket nor the certified record indicate that the trial court ruled on Weyant's petition for *habeas corpus*.

[6] The trial court imposed no further penalty on the remaining convictions.

The trial court then filed a Rule 1925(a) opinion, explaining that to date, Weyant "has failed to pay for the preparation any transcripts." Pa.R.A.P. 1925 Opinion, 6/28/24 ("Trial Court Opinion"), at 1. The court then reasoned that Weyant's Rule 1925(b) issues "require reference to the various transcripts," and without their production, the court was unable to address any issues. The court thus suggested that Weyant has waived all of his issues. The Commonwealth agrees with the trial court's rationale and similarly suggests waiver. *See* Commonwealth's Brief at 3-8.

Weyant raises three issues for our review.

[1.] Whether the [trial] court erred by allowing the [P.D.] to withdraw their appearance as counsel for [Weyant] after [Weyant] was released from incarceration and, therefore, self-employed.

[2.] Whether the [trial] court erred by sentencing [Weyant] to separate sentences on four . . . misdemeanor counts of cruelty to animals when these charges legally merged with the four . . . counts of felony, aggravated cruelty to animals that [Weyant] was also sentenced towards.

[3.] Whether the [trial] court abused its discretion by sentencing [Weyant] to eight to twenty . . . years in a state correctional institution.

Weyant's Brief at 5 (issues reordered for ease of disposition).

In his first issue, Weyant avers the trial court erred in allowing Trial Counsel to withdraw from representation after he "was released from incarceration, and therefore, self-employed." *Id*. at 19. Weyant points out that the trial court twice permitted withdrawal without holding a hearing. Weyant reasons that: (1) when Trial Counsel represented him, she "had to

have received discovery[,] which would have included the" search warrant showing a different address (267 Pierce Lane) from the property ultimately searched (667 Beaver Dam Road);[7] but (2) Trial Counsel failed to seek suppression based on this defect. *Id*. at 21. Weyant asserts that, where the court revoked his bail prior to trial, he was "forced to go to trial, *pro se*, despite having a valid pre-trial issue that [Trial Counsel] should have been aware of [but] failed to" seek relief on. *Id*. at 21-22. Weyant concludes that allowing Trial Counsel to withdraw twice "was a sufficient error that should allow [him] a re-trial where he can file a pre-trial motion to suppress evidence." *Id*. at 22.

We first observe that Weyant fails to cite any legal authority in his discussion. *See* Pa.R.A.P. 2119(a) (requiring argument to include "discussion and citation of authorities as are deemed pertinent"). He does not claim any infringement of his right to counsel or constitutional violation. In the heading for this issue, Weyant alludes to the fact that the trial court permitted Trial Counsel to withdraw "after [he] was released from incarceration and therefore self-employed," but he does not address this again, nor make any claim that the two are related. Weyant's Brief at 19 (some punctuation omitted). Weyant acknowledges Trial Counsel's claim that he failed to provide the requested documentation. However, he ignores that the trial court credited

---

[7] In a prior filing, Weyant averred his father's estate owned the latter property. *See* Writ of *Habeas Corpus*/Motion for New Trial, 11/29/23, at 1.

this contention and does not challenge, let alone address, it. **See** Order, 7/20/23 (stating it was granting motion to withdraw "upon consideration of [the motion] and the contents thereof"); **see also** Order, 1/6/23 (same). In the absence of any discussion of the trial court's reasons for permitting withdrawal — that Weyant repeatedly failed to complete the necessary application, despite numerous requests — we determine no relief is due on his first issue.[8]

In his second issue, Weyant asserts the offenses of F3 aggravated cruelty to animals and M2 cruelty to animals "legally or factually" merged for sentencing purposes, and thus the trial court erred in imposing separate sentences. Weyant's Brief at 17. Preliminarily, we determine Weyant's claim goes to the legality of his sentence, and he has not waived it. **See Commonwealth v. Hernandez**, 230 A.3d 480, 486 n.4 (Pa. Super. 2020) (stating that merger is a nonwaivable challenge to the legality of the sentence).

On appeal, Weyant maintains that his four counts of each offense related to the same four dogs. Weyant contends the criminal information for the M2

___

[8] Furthermore, to the extent Weyant avers Trial Counsel was ineffective for not filing a suppression motion, we deny relief without prejudice for him to raise this claim in a properly and timely filed Post Conviction Relief Act petition. **See** 42 Pa.C.S.A. §§ 9541-9546; **see also Commonwealth v. Woeber**, 174 A.3d 1096, 1109 n.16 (Pa. Super. 2017) (*citing* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002) (stating that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review")).

cruelty to animals alleged that he "intentionally, knowingly, or recklessly ill-treat[ed], overload[ed], beat[], abandon[ed], or abuse[d] an animal." Weyant's Brief at 16. Weyant then states the criminal information allegation for F3 aggravated cruelty to animals was that he "intentionally or knowingly torture[d] an animal." *Id*. Weyant argues "that torture would include the ill-treatment, overloading, beating, abandoning, and abusing of an animal," and thus the M2 charge "is included in the definition of torture as found in" the F3 counts. *Id*. at 17. In other words, Weyant claims, "It cannot be said that the torturing of an animal would not include the ill-treatment, overloading, beating, abandonment, or abuse." *Id*. at 17-18.

> This Court has explained:
>
> Under Pennsylvania law, "[m]erger of offenses is appropriate where: (1) the crimes arise from a single criminal act; *and* (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." In relevant part, these factors are drawn directly from the statutory framework established at 42 Pa.C.S.[A.] § 9765. We are also mindful of the following guidance from our Supreme Court:
>
>> [E]xamination of the elements of the crimes as charged is sometimes necessary, especially when dealing with an offense that can be proven in alternate ways.
>>
>> Therefore, while Section 9765 indeed focuses on an examination of "statutory elements," we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner.

***Hernandez***, 230 A.3d at 486 (citations omitted and emphasis added).

Both the F3 aggravated cruelty to animals and M2 cruelty to animals statutes fall within the same subchapter, entitled "Cruelty to Animals,"[9] of the Pennsylvania Crimes Code.[10] This subchapter defines M2 cruelty to animals as follows:

§ 5533. Cruelty to animal.

*(a) Offense defined. —* A person commits an offense if the person intentionally, knowingly or recklessly illtreats, overloads, beats, abandons or abuses an animal.

*(b) Grading.*

(1) Except as set forth in paragraph (2), a violation of this section is a summary offense.

(2) If the violation causes *bodily injury* to the animal or places the animal at imminent risk of *serious bodily injury*, a violation of this section is a misdemeanor of the second degree.

18 Pa.C.S.A. § 5533(a)-(b)(1)-(2) (emphases added). The subchapter has its own definitions section, and defines: (1) "bodily injury" to mean "[i]mpairment of physical condition or substantial pain;" and (2) "serious bodily injury" to mean "[b]odily injury that creates a substantial risk of death or causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ." 18 Pa.C.S.A. § 5531.

---

[9] *See* 18 Pa.C.S.A. §§ 5531-5561.

[10] *See* 18 Pa.C.S.A. §§ 101-9546.

The jury found Weyant guilty of F3 aggravated cruelty to animals under the following subsection of that statute:

§ 5534. Aggravated cruelty to animal.

**(a) Offense defined. —** A person commits an offense if the person intentionally or knowingly does any of the following:

(1) **Tortures** an animal.

* * * *

**(b) Grading. —** A violation of this section is a felony of the third degree.

18 Pa.C.S.A. § 5534(a)(1)-(b) (emphasis added). The same definitions section defines the term "torture" to mean:

Any of the following acts directed toward or against an animal unless directed to be performed by a licensed doctor of veterinary medicine acting within the normal scope of practice:

(1) Breaking, severing or severely impairing limbs.

(2) Inflicting severe and prolonged pain from burning, crushing or wounding.

(3) Causing or allowing severe and prolonged pain through prolonged deprivation of food or sustenance without veterinary care.

18 Pa.C.S.A. § 5531.

While Weyant avers the offenses "legally" merged, he fails to address any of the above statutory provisions, including the merger statute at 42 Pa.C.S.A. § 9765. In any event, we reject his claim that F3 aggravated cruelty to animals includes all the elements of M2 cruelty to animals. Instead, Subsection 5533(b)(2), which grades cruelty to animals as an M2, requires

the offensive act to "cause[] bodily injury to the animal or place[] the animal at imminent risk of serious bodily injury." 18 Pa.C.S.A. § 5533. The F3 aggravated cruelty to animals offense includes neither element. Instead, the F3 offense focuses solely on the actor's conduct — torturing an animal — without reference to whether the animal suffered bodily injury or serious bodily injury. *See* 18 Pa.C.S.A. § 5534(a)(1). For the foregoing reasons, we conclude no relief is due on Weyant's "elements" argument as to merger.

On this basis, we also deny relief on Weyant's claim of "factual" merger. We reiterate his argument — that the torture element of F3 aggravated cruelty to animals includes the ill-treatment, overloading, beating, abandonment of, or abuse of an animal that is present in an M2 cruelty to animals count. Merger is appropriate only "where (1) the crimes arise from a single criminal act; **and** (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." *Hernandez*, 230 A.3d at 486 (emphasis added). Accordingly, no relief is due on Weyant's second issue.

In his final issue, Weyant avers the trial court abused its discretion, with respect to the four counts of F3 aggravated cruelty to animals, by imposing aggravated-range sentences based on his torturing of the dogs, which was already an element of the crime.[11] This Court has explained:

_____

[11] The Commonwealth argues Weyant has waived this discrete sentencing claim by failing to include it in his Rule 1925(b) statement. *See* Commonwealth's Brief at 4. As noted above, Weyant raised seven issues in
*(Footnote Continued Next Page)*

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." We conduct this four-part test to determine whether:

> (1) ***the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion***; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citations omitted and emphasis added).

Neither of Weyant's two post-sentence motions raised a claim that the trial court abused its discretion in sentencing, or that the court improperly considered an element of the crime to impose an aggravated-range sentence. Weyant does not claim that he raised this issue at the sentencing or post-sentence motion hearing, and without the transcripts, we are unable to

---

his Rule 1925(b) statement. Two of these relate to his sentencing merger claim. A third issue states, "Whether the trial court abused its discretion by sentencing [Weyant] to eight to twenty years in a state correctional institution." Concise Statement of Errors Complained of on Appeal, 5/8/24, at 1 (unnecessary capitalization omitted).

We agree this last issue is broad and vague. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring that the statement "shall concisely identify each error . . . with sufficient detail to identify the issue to be raised for the judge"); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph . . . are waived"). Nevertheless, under the particular circumstances presented in this appeal, we find waiver on another basis, discussed ***infra***.

- 12 -

determine whether he did.  Under the particular circumstances of this appeal, we thus hold Weyant has failed to preserve this issue, invoking our review. *See id*.

Moreover, even if we could determine that Weyant properly preserved this issue, we could not review the merits, again due to the lack of the sentencing and post-sentencing motion hearing transcripts, and even a trial transcript, which often informs our review of a discretionary challenge to sentencing.  Our Rules of Appellate procedure require the appellant to "request any transcript required . . . and make any necessary payment or deposit therefor . . . within the time prescribed by . . . the Pennsylvania Rules of Judicial Administration."  Pa.R.A.P. 1911(a).

We reiterate that Weyant privately retained counsel before sentencing, counsel filed a request for the transcripts, but the trial court stated Weyant failed to pay for their production.   On appeal, Weyant: (1) offers no explanation why he did not procure the transcripts; and (2) wholly fails to acknowledge the trial court's succinct and clear discussion that it could not address any of his claims without the transcripts.  Our review of the record and trial docket indicates there was no finding of *in forma pauperis* status, excusing Weyant from payment for transcripts, and in any event, he does not claim there was.  We remind counsel, "It is well settled that the appellant bears the burden of ensuring a completed record."   ***Commonwealth v.***

***Dunkle***, 932 A.2d 992, 996 (Pa. Super. 2007). For the foregoing reasons, no relief is due on Weyant's final issue.

As we deny relief on all of Weyant's claims, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/29/2025